UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MAURICE CUMBERLANDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:08-cv-00994 (CMH/IDD) |
| ) | |
| KCL SITE SERVICES, LLC, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court pursuant to an Order from the Honorable Claude M. Hilton, United States District Judge, Eastern District of Virginia (Dkt. no. 10) and plaintiff's Motion for Default Judgment as to KCL Site Services, LLC ("defendant") (Dkt. no. 17). Attorney Philip R. Croessmann appeared on behalf of defendant at the September 3, 2009 motion hearing. After the hearing, the undersigned Magistrate Judge issued an Order stating that the issuance of a report and recommendation in the matter would be deferred pending supplemental briefing from the parties, directing the parties to file any supplemental briefing by September 11, 2009, and stating that the matter would be taken under advisement, unless otherwise ordered. (Dkt. no. 23.) As of the date of this report and recommendation, the parties have failed to file any supplemental briefing. Upon consideration of the complaint and plaintiff's motion for default judgment, the undersigned Magistrate Judge makes findings as follows, and recommends that plaintiff's motion for default judgment be granted in part and denied in part.

## I. INTRODUCTION

Plaintiff, Maurice Cumberlander, proceeding *pro se* and *in forma pauperis*, brought this action for race-based employment discrimination and retaliation in violation of Title VII of the

Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") against defendant. Plaintiff alleges that the defendant conspired against him by changing his job description and pay rate, because he was African-American. Plaintiff further alleges that after he filed a complaint regarding his wages, employees and supervisors working for defendant directed racially offensive conduct towards him by tying a noose to the back of a company truck, telling plaintiff to place his foot inside of the noose, and by letting the noose remain tied to the back of the work truck for several days. Shortly thereafter, plaintiff alleges that he was terminated from his position with defendant because of his race. Plaintiff's complaint states that he suffered mental anguish, and he seeks monetary relief for the damages he suffered resulting from defendant's failure to pay him the proper wages and the retaliatory acts against him. However, plaintiff fails to make a specific request for damages in his complaint.

### A. Jurisdiction and Venue

Regardless of whether objected to or not, the court has the obligation to determine its subject matter jurisdiction *sua sponte*. *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). In that regard, Title VII creates a federal cause of action for employment discrimination. A jurisdictional prerequisite that must be met before a plaintiff may bring a claim under Title VII, however, is that the plaintiff must exhaust all administrative procedures outlined in 42 U.S.C. § 2000e-5(b). *Davis v. North Carolina Dep't of Corrections*, 48 F.3d 134, 136-37 (4th Cir. 1995). Essentially, "a claimant is required first to file a discrimination claim under state law, where such law exists, and may not proceed to federal district court until state proceedings under state law have commenced and, after the deferral period, the EEOC has made its own determination as to the validity of complainant's claim and issued a right-to-sue letter." *Id.* at 138. Most importantly, before an individual may bring a Title

2

VII suit in federal court, an individual must obtain a right-to-sue letter from the EEOC. *Id.* Until the right-to-sue letter has been issued by the EEOC, the federal court is without jurisdiction. *Id.*

Here, plaintiff filed two charges of discrimination with the EEOC. First, plaintiff filed a charge of discrimination with the Virginia Council on Human Rights and the EEOC on October 1, 2007, that assigned case number 570-2007-01961 (hereinafter "2007 charge of discrimination"), and it alleged that from August 29, 2007 until September 4, 2007, defendant's employees and supervisors exhibited negative racial remarks and conduct towards the plaintiff, and ultimately fired him because of his race.[1] (Compl. 9.) There is no indication, however, that plaintiff has ever received a right-to-sue letter for the 2007 charge of discrimination.

Specifically, in plaintiff's Response to a Show Cause Order, issued by the Court on February 23, 2009 (Dkt. no. 5) (hereinafter "Response to Show Cause Order"), plaintiff included a copy of a determination letter from the EEOC dated December 24, 2008. The letter states that based on the evidence obtained during its investigation, there is reasonable cause to believe that defendant violated Title VII by subjecting plaintiff and a class of other employees to a racially hostile work environment ("Determination Letter"). The Determination Letter does not address the issue of termination. (Dkt. no. 5.) The Determination Letter further states that because it has determined that there is reasonable cause to believe that a violation of the law occurred, the EEOC would be contacting the parties to resolve the matter through the conciliation process. While a considerable amount of time has passed since the issuance of the December 24, 2008, Determination Letter, there is nothing in the record evidencing what has happened regarding conciliation. There is no documentation concerning whether the Commission ever instituted suit against the defendant or whether the EEOC ultimately did issue a right-to-sue letter to plaintiff

---

[1] At the top of the 2007 charge of discrimination, plaintiff wrote "[t]his charge is in its final phase of its investigation!"

3

based on the 2007 charge of discrimination. Until Plaintiff provides a copy of the right-to-sue letter, this Court lacks jurisdiction to consider his claim under Title VII insofar as it relates to the 2007 charge of discrimination.

Plaintiff's complaint also alleges that defendant retaliated against him for filing a complaint with the State of Maryland Department of Labor, Licensing and Regulation ("DLLR") regarding his wages. Although plaintiff's complaint alleges retaliation, he did not allege retaliation by the defendant in his 2007 charge of discrimination to the EEOC. Generally, "when Title VII claims exceed the scope of the EEOC charge, and any charges that would have naturally arisen from an investigation, they are procedurally barred." *Fletcher v. Tidewater Builders Ass'n*, 216 F.R.D. 584, 590 (E.D. Va. 2003) (citations omitted).

Nevertheless, the Fourth Circuit has definitively stated, as a general rule that, "a plaintiff may raise [a] retaliation claim for the first time in federal court" when the retaliation claim is related to the filing of a previous EEOC charge. *Nealon v. Stone*, 958 F.2d 584, 590 (4th Cir. 1992). The Fourth Circuit's general rule, however, does not apply in cases where, as here, plaintiff could have alleged retaliation in his 2007 charge of discrimination to the EEOC, but failed to do so. *Davenport v. Wal-Mart Stores East, L.P.*, No. 3:08cv119, 2008 U.S. Dist. LEXIS 37084, at *13 (E.D. Va. May 6, 2008). Here, plaintiff's first EEOC complaint – the 2007 charge of discrimination – was for discrimination only and was not based on retaliation. Although the alleged retaliation occurred before plaintiff filed his 2007 charge of discrimination, he did not select the retaliation box on the charge of discrimination form and failed to state that the employer retaliated against him anywhere in his 2007 charge of discrimination. *Davenport*, 2008 U.S. Dist. LEXIS 37084, at *13-14. Because all of the alleged acts of retaliation occurred before plaintiff filed his 2007 charge of discrimination, and plaintiff could have raised the issue of

4

retaliation in his 2007 charge of discrimination, the undersigned Magistrate Judge believes it is inappropriate to excuse plaintiff's failure to exhaust his administrative remedies. Therefore, the Court should not address any claims of retaliation set forth in the plaintiff's Complaint.

In addition to the 2007 charge of discrimination, on April 7, 2008, the plaintiff filed his second charge of discrimination with the Virginia Council on Human Rights and the EEOC. That charge was assigned case number 570-2008-00319 (hereinafter "2008 charge of discrimination"). The 2008 charge of discrimination, which was actually for conduct that occurred before the 2007 charge of discrimination, alleged that the defendant failed to pay the plaintiff proper wages for the period of May 2007 and June 2007, changed his job description and pay rate, and removed him from the Mary B. Neal worksite on June 21, 2007, all because of his race. (Compl. 7.) On July 16, 2008, plaintiff received a right-to-sue letter from the EEOC for the 2008 charge of discrimination. Because plaintiff filed his complaint on September 23, 2008, he has met the jurisdictional prerequisite that vests this Court with jurisdiction over the 2008 charge of discrimination.

The undersigned Magistrate Judge also finds that venue properly lies in this District. In that regard, Title VII permits actions to "be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3). Certain of plaintiff's allegations of unlawful employment practice refer to discrimination at a King George, VA worksite. Since King George, VA is in the Eastern District of Virginia, venue is proper in this District.

**B. Process and Service**

On February 23, 2009, The Honorable Claude M. Hilton granted plaintiff's request for leave to proceed *in forma pauperis*. (Dkt. no. 3.) On June 1, 2009, the U.S. Marshal's Service attempted to serve process on Christopher Zylonis, the individual named in company marketing documents as the contact person for the defendant. (Dkt. no. 8.) Instead of Serving Mr. Zylonis, the U.S. Marshal's Service personally served Mrs. Zylonis, the spouse of Mr. Zylonis, who was a person of suitable age and discretion residing at Mr. Zylonis' usual place of abode. (Dkt. no. 8.)

Before a default or a default judgment may be entered against a defendant, it is an absolute requirement that service of process be properly effected under the Federal Rules of Civil Procedure. *Maryland State Firemen's Ass'n v. Chaves*, 166 F.R.D. 353, 354 (D. Md. 1996). A defendant to a civil action must be served as provided by federal law, by personal delivery or delivery to one's home, or as prescribed by state law. Fed. R. Civ. P. 4(e). Thus, in issuing this report and recommendation, the undersigned Magistrate Judge must evaluate whether plaintiff's service upon defendant through Mr. Zylonis' spouse was valid.

According to Rule 4(h), a domestic corporation, partnership, or association, must be served in one of two ways. The first method is "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). The second method is "by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to defendant." Fed. R. Civ. P. 4(h)(1)(B). Federal Rule of Civil Procedure 4(e)(1) permits service of the summons and complaint "pursuant to the law of the state in which the district court is located." The Virginia Code provides that process may be served upon a domestic corporation by either personally serving "any officer, director, or registered agent of such corporation; or [b]y

6

substituted service on stock corporations in accordance with § 13.1-637 and on nonstock corporations in accordance with § 13.1-836." Va. Code Ann. § 8.01-299 (2008).

As noted above, the U.S. Marshal's Service did not personally serve defendant's agent or use any of the methods prescribed in Va. Code Ann. § 8.01-299. Rather, the U.S. Marshal's Service personally served Mr. Zylonis' spouse. It is unclear exactly what Mr. Zylonis' association with defendant is, however, it is clear that he is not in fact defendant's registered agent. A search of the Virginia State Corporation's Clerk's Information System reveals that Philip R. Croessmann, the attorney who appeared at the September 3, 2009 default judgment hearing, has been defendant's registered agent since at least March 6, 2009. Nowhere in Va. Code Ann. § 8.01-299 (2008) does the statute for service upon a domestic corporation prescribe service upon the spouse of an officer, director, or registered agent, or a person of suitable age residing at the agent's usual place of abode. In fact, Virginia law is clear that service on the wife of an agent of a corporation is invalid. *See Water Front Coal Co. v. Smithfield Marl, Clay & Transp. Co.*, 76 S.E. 937 (Va. 1913); *Shenandoah Valley R.R. Co. v. Griffith*, 76 Va. 913 (1882). Clearly, plaintiff has not properly served the defendant as required by Virginia law.

Nevertheless, under Virginia law, if the defendant actually receives service, though it was not served as required by law, the service is deemed sufficient. *Broadnax v. Dep't of Veteran Affairs Wash. Mut. Bank*, No. 2:04cv 693, 2005 U.S. Dist. LEXIS 9549, at *14-15 (E.D. Va. May 19, 2005) (citing Va. Code Ann. § 8.01-288 (2008)). Specifically, Va. Code Ann. § 8.01-288 provides that with the exception of actions commencing divorce or annulment or other actions where service is specifically prescribed by statute, "process which has reached the person to whom it is directed within the time prescribed by law, if any, shall be sufficient although not served or accepted." Va. Code Ann. § 8.01-288. To clarify the language of Va. Code Ann. §

8.01-288, the Revisers' Note to § 8.01-288 states that this section applies to every type of defendant, *e.g.*, a corporation, not just to an individual.

In addition, when assessing whether service has been effective, it is appropriate for a court to consider the fact that defendant has demonstrated awareness of a suit. *See Avianca, Inc. v. Corriea*, 705 F. Supp. 666, 685 (D.D.C. 1989). It is clear that defendant's registered agent, Mr. Croessmann, has been made aware of the present action because on August 19, 2009, Mr. Croessmann filed a motion for a continuance of the August 21, 2009 default judgment hearing, and Mr. Croessmann personally appeared at the September 3, 2009 default judgment hearing to inform the Court that the defendant had been incorrectly named in the case caption. The record clearly shows that the method used by plaintiff has, in fact, made defendant aware of this suit, and, to date, defendant has failed to respond to the Complaint.

Moreover, service must have occurred in a timely manner. Federal Rule of Civil Procedure 4(m) provides that a plaintiff must serve a copy of the Complaint on a defendant within 120 days after filing the Complaint, in order for service to be deemed timely. In this matter, the Complaint was filed on September 23, 2008. On February 23, 2009, Judge Hilton issued an order directing plaintiff, within twenty days from the date of the order, to show cause, if any, why the case should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m). (Dkt. no. 4.) On March 5, 2009, plaintiff filed his Response to the Show Cause Order, but did not actually explain his failure to serve the defendant within 120 days. (Dkt. no. 5.) On March 9, 2009, however, a Summons was issued and given to the U.S. Marshal's Service for service as to defendant. (Dkt. no. 6.) On May 11, 2009, in response to plaintiff's response to the February 23, 2009 show cause order, Judge Hilton issued an order giving plaintiff twenty days from the date of the order to effect service of process as to defendant, pursuant to Federal Rule of Civil

8

Procedure 4.[2] (Dkt. no. 7.) The U.S. Marshal's Service effected service on June 1, 2009—21 days from the date of Judge Hilton's May 11, 2009 Order. Federal Rule of Civil Procedure 6, however, states that when computing time, the last day of the period should be included "unless it is a Saturday, Sunday, [or] legal holiday ... When the last day is excluded, the period runs until the end of the next day that is not a Saturday, Sunday, [or] legal holiday." Fed. R. Civ. P. 6(a)(3). Because May 31, 2009 – the twentieth day – fell on a Sunday, the period for plaintiff to serve defendant ran until Monday, June 1, 2009. Therefore, the undersigned Magistrate Judge finds that plaintiff effected service within the time prescribed in Judge Hilton's May 11, 2009 order.

Service, however, must also satisfy constitutional due process requirements, specifically, the Supreme Court held in *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) that constitutional due process requires that service of process be "reasonably calculated, under the circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." If, "with due regard for the practicalities and peculiarities of the case these conditions are met, the constitutional requirements [of due process] are satisfied." *Id.* The constitutional standard is intended to be flexible. *See Schroeder v. City of New York*, 371 U.S. 208, 212 (1962). Because defendant's registered agent appeared at the default judgment hearing, the undersigned Magistrate Judge finds that the service methods used in this case have been reasonably calculated to apprise defendant of this lawsuit.

As noted above, Va. Code Ann. § 8.01-288 applies to defendant even though it is a corporation. Since defendant has received an actual copy of the complaint, and defendant has been made aware of this lawsuit in a timely manner, Virginia's savings provision cures the

---

[2] The May 11, 2009 order makes reference to Defendant Bank of America, rather than KCL Site Services LLC, the sole defendant in this action.

invalid method used to serve process on defendant. Therefore, service of process was properly effectuated upon defendant.

### C. Grounds for Entry of Default

On July 6, 2009, plaintiff filed a Request for Entry of Default with the Clerk. (Dkt. no. 9.) On July 14, 2009, Judge Hilton ordered the plaintiff, after obtaining entry of default from the Clerk, to file a motion for default judgment and to notice the motion for a hearing for Friday, August 14, 2009. The Clerk entered Default on July 22, 2009. (Dkt. no. 12.)

On July 30, 2009, the undersigned Magistrate Judge ordered that the plaintiff file a motion for default judgment and an accompanying memorandum in support, and mail copies thereof to the defendant at its last known address. The undersigned Magistrate Judge's July 30, 2009 Order specifically directed the plaintiff to follow the directions set forth in Judge Hilton's July 14, 2009 Order. After plaintiff failed to file his Motion for Default Judgment, and it became clear that there would not be a default judgment hearing on August 14, 2009, the undersigned Magistrate Judge's Chambers contacted plaintiff and told him to file his Motion and notice it for another Friday, pursuant to the Local Rules of this Court.

Attorney Philip R. Croessmann, on behalf of defendant, filed a Motion to Continue (Dkt. no. 15) because of the inability of counsel for defendant to be present at the hearing scheduled for August 14, 2009. Defendant sought to have the hearing continued so that it could raise objections to the plaintiff's Complaint based upon improper service, the fact that the plaintiff had not suffered any actual damages, and the fact that the plaintiff had misnamed the defendant in this action. Because the Court had already contacted plaintiff and told him to notice his motion for default judgment for another available Friday hearing, the undersigned Magistrate Judge denied defendant's Motion to Continue as moot. (Dkt. no. 16.)

10

On August 24, 2009, plaintiff filed his Motion for Default Judgment (Dkt. no. 17) and Memorandum in Support (Dkt. no. 18) thereof. On August 27, 2009, plaintiff noticed his motion for oral argument for September 4, 2009. Because the undersigned Magistrate Judge was not hearing motions on September 4, 2009, an order issued setting the default judgment hearing for September 3, 2009. (Dkt. no. 21.) While Mr. Croessmann did appear at the September 3, 2009 hearing, Mr. Croessmann made it clear to the Court that defendant was insolvent and had no interest in proceeding with the case. Mr. Croessmann also made it clear that the specific reason he was in attendance was to seek to have the defendant's name in the case caption changed, to include the fact the defendant was a LLC. After the hearing, the undersigned Magistrate Judge ordered supplemental briefing from the parties by September 11, 2009, and stated that the matter would be taken under advisement and a Report and Recommendation would be issued, unless otherwise ordered. (Dkt. no. 23.) On September 10, 2009, the parties filed an agreed order, which the undersigned Magistrate Judge granted, changing the name of defendant from KCL Site Services to KCL Site Services, LLC. As of the date of this Report and Recommendation, the parties have failed to file any supplemental briefing, and the defendant has failed to file an answer, or otherwise respond to the Motion for Default Judgment. Based upon all of the above noted circumstances, the undersigned Magistrate Judge finds that the Clerk's Entry of Default was proper.

## II. FINDINGS OF FACT

### A. Discrimination Allegations

Upon a full review of the Complaint,[3] all relevant pleadings,[4] and plaintiff's Motion for

---

[3] Because plaintiff's claims relating to the 2007 charge of discrimination and retaliation are not properly before the Court, the undersigned Magistrate Judge will not address the 2007 charge of discrimination or the allegations of retaliation in the Findings of Fact.

11

Default Judgment, the undersigned Magistrate Judge finds that the plaintiff has established the following facts.

Plaintiff was hired by defendant on October 9, 2006 as a Utility Crew/Pipe Layer. (Compl. 7.) In the 2008 charge of discrimination that plaintiff filed with the EEOC on April 7, 2008, plaintiff states that from May 22, 2007 until June 21, 2007, his employer discriminated against him because of his race. (Compl. 7.) Specifically, on May 8, 2007, Superintendent David Lawton and Foreman Supervisor Tommy Kennedy had a meeting on the side of the company truck at the King George, Virginia worksite and conspired not to pay plaintiff the proper wages based on the Prevailing Wage Scale because of his race. (Compl. 1.) Plaintiff states that the discrimination was evidenced by defendant's: (1) failing to pay him the proper wages for the period of May-June 2007; (2) changing his job description and pay rate; and (3) removing him from the Mary B. Neal worksite on June 21, 2007. (Compl. 7.) Plaintiff further states that defendant did not change the job description or pay rate of any other employees on the Utility Pipe Crew, and that plaintiff was the only African-American working for defendant. (Compl. 1.)

The plaintiff states that he suffered mental anguish because defendant deprived him of

---

[4] In plaintiff's Response to Show Cause Order, plaintiff, rather than addressing his failure to serve defendant within the 120 day time period allotted in the Federal Rules of Civil Procedure, instead presented the merits of his case and argued why his Complaint should not be dismissed. Plaintiff included declarations from several people, photographs, and other evidence in support of his Complaint. Federal Rule of Civil Procedure 8 states that "[a]verments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading. Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided." Fed. R. Civ. P. 8(d). The question then becomes whether defendant has admitted the facts in the response to show case order as true by not filing a responsive pleading. In that regard, Federal Rule of Civil Procedure 7 enumerates what papers constitute pleadings: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." Fed. R. Civ. P. 7(a). The plaintiff's response to the Court's Order to Show Cause does not constitute a pleading under this rule; therefore, the defendant was not required to respond to it. Since no responsive pleading was required, the undersigned Magistrate Judge must take the averments in the response to show cause, insofar as they add to the averments in the Complaint, as denied. *Steel Metal Workers' National Pension Fund v. Frank Torrone & Sons, Inc.*, No. 1:04cv1109, 2005 U.S. Dist. LEXIS 12249, at *11-12 (E.D. Va. June 1, 2005); *see Nord v. McIlroy*, 296 F.2d 12, 14 (9th Cir. 1961).

honest work wages and displayed hostility to him in front of administrative personnel. The Complaint further states that defendant willfully conspired to steal plaintiff's wages. (Compl. 2.) When plaintiff went to human resources and asked Carol El-Bisi to show the plaintiff the prevailing wage scale for the Mary B. Neal worksite, she refused to show it to him and told him, "You're not going to get paid the wages on the scale." (Compl. 1.) Ms. El-Bisi then covered up the wages printed on the scale, made a copy of the wage scale, and gave the copy to plaintiff. (Compl. 1.) Plaintiff later obtained a copy of the entire Mary B. Neal wage scale on October 3, 2007 from Hess Construction Company. (Compl. 1.) Thereafter, plaintiff filed a complaint with the DLLR about his wages. (Compl. 2.) Ultimately, defendant was required to pay back wages of a Pipe Layer to defendant because they had only paid him the wages of a laborer, which was $2.00 per hour less than he should have earned as a Pipe Layer. (Compl. 2.)

### B. Damages

Plaintiff alleges that defendant's actions caused him mental anguish by depriving him of the work wages he was entitled to. Plaintiff's Complaint states that plaintiff is seeking monetary relief, but does not state a specific amount of damages sought. In plaintiff's motion for default judgment, however, plaintiff requests that the Court grant him specific monetary relief. Specifically, plaintiff seeks $50,000 in damages for mental anguish, $75,000 in punitive damages, and $100,000 in damages for retaliation. (Pl.'s Mot. Default J. 1.) In total, plaintiff's motion for default judgment seeks damages in the amount of $225,000.

### III. EVALUATION OF PLAINTIFF'S COMPLAINT

Where a defendant has defaulted, the facts set forth in the plaintiff's complaint are deemed admitted. Before entering default judgment, however, the Court must ensure that the complaint properly states a claim. *GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d

610, 612 n.3 (E.D. Va. 2003). Thus, in issuing this report and recommendation, the undersigned Magistrate Judge must evaluate the plaintiff's claims against the standards of Fed. R. Civ. P. 12(b)(6).

When considering a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), "The court should accept as true all well-pleaded allegations" and those allegations should be construed in "a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). While the complaint is not required to provide detailed factual allegations, the basis for relief in the complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal is appropriate, unless, assuming the factual allegations in the complaint are true, they are "enough to raise a right to relief above the speculative level." *Id.* While a court must accept as true all of the factual allegations in the complaint, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Revene v. Charles County Comm'rs*, 882 F.2d 870, 872 (4th Cir. 1989) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). It should be noted that because plaintiff is proceeding *pro se* in this matter, the undersigned Magistrate Judge will construe plaintiff's complaint liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1971).

Title VII of the Civil Rights Act of 1964, as amended, provides that: "It shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). A prima facie case of race-based

discrimination is proven by showing that he "is a member of a protected class, was qualified for [his] job and performed it satisfactorily, suffered an adverse employment action, and was treated differently than similarly situated employees outside the protected class. *Roberts v. Holder*, No. 1:08CV1011(LMB/TRJ), 2009 U.S. Dist. LEXIS 20898, at * 17 (E.D. Va. 2009). In *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002), the Supreme Court held that "an employment discrimination plaintiff need not plead a prima facie case of discrimination." *See also Fletcher v. Tidewater Builders Ass'n, Inc.*, 216 F.R.D 584, 589 (E.D. Va. 2003). Instead, a plaintiff must comply with Rule 8(a)(2) and provide a short and plain statement of the claim. *See Swierkiewicz*, 534 U.S. at 514-15.

Plaintiff's claim stems from disparate treatment, which "is the most easily understood type of discrimination. The employer simply treats some people less favorably than others because of their race, color, religion, sex, or national origin." *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 335, n.15 (1977). "Liability in disparate treatment cases depends on whether the protected trait . . . actually motivated the employer's decision." *Raytheon Co. v. Hernandez*, 540 U.S. 44, 52 (2003) (quotations omitted). Therefore, in order to establish a case of race discrimination, plaintiff must show a connection between his race and the adverse action taken by his employer. Put another way, plaintiff has to show that he was not paid proper wages based on the prevailing wage scale because of his race, not simply that he was a member of the black race and was not paid proper wages. *See Autry v. North Carolina Dep't of Human Resources*, 820 F.2d 1384, 1386 (4th Cir. 1987).

Plaintiff's Complaint states several important facts that the Court should consider in determining whether the Complaint states a cause of action: 1) he is a member of a protected class; 2) he was hired as a Pipe Layer on the Utility Pipe Crew; 3) employees of defendant

15

conspired not to pay him the proper wages because of his race; 4) he was working as a Pipe Layer on the Utility Pipe Crew; and 5) he was the only individual working as a Pipe Layer, whose job description or pay rate was changed according to the prevailing wage scale. In his Complaint, plaintiff has sufficiently alleged the facts necessary to state a claim based upon his 2008 charge of discrimination. Thus, Plaintiff is entitled to entry of default judgment against defendant as to the 2008 charge of racial discrimination.

## IV. DEMAND FOR RELIEF

The undersigned Magistrate Judge must now address plaintiff's failure to pray for a specific amount of relief in his Complaint, as well as his failure to provide sufficient facts to the undersigned Magistrate Judge to evidence plaintiff's entitlement to any specific amount of damages.

At the September 3, 2009 default judgment hearing, the undersigned Magistrate Judge informed plaintiff of case law in this District that clearly states that "there can be no recovery over the amount pled in the complaint, and that the complaint must pray for a specific monetary amount." *Sheet Metal Workers' Nat'l Pension Fund v. Frank Torrone & Sons, Inc.*, No. 1:04cv1109, 2005 U.S. Dist. LEXIS 12249, at *22 (E.D. Va. June 1, 2005) (citations omitted). The undersigned Magistrate Judge specifically gave plaintiff until September 11, 2009 to notify the Court of any action he intended to take in light of the fact that he failed to plead a specified amount of damages in his Complaint. To date, the plaintiff has neither amended his Complaint nor filed a supplemental memorandum, addressing his failure to demand a specific amount of damages in his Complaint.

As discussed above, plaintiff's Complaint states that he suffered mental anguish, and he seeks monetary relief for the damages he suffered resulting from defendant's discriminatory acts.

However, plaintiff failed to make a specific request for damages in his complaint. In plaintiff's Motion for Default Judgment, however, plaintiff requests that the Court award him $50,000 in damages for mental anguish, $75,000 in punitive damages, and $100,000 in damages for retaliation.[5] Notwithstanding his request for an award of specific damages in the Motion for Default Judgment, the plaintiff failed to provide any documentation supporting any of his requests for monetary damages.

"When the judgment entered is a default judgment, the pleadings control the relief that may be awarded, both as to the kind of relief and its scope." 10-54 *Moore's Federal Practice* § 54.71[1] (Matthew Bender 3d ed.) (footnote omitted). The rationale being, "if relief were granted without proper notice to the defendant, substantial questions of due process would be raised." *Id.* Ultimately, the undersigned Magistrate Judge finds that because plaintiff has failed to make a specific demand for relief in his Complaint, he is not entitled to receive any damages in connection with defendant's liability for the 2008 charge of discrimination.

For the sake of completeness, and because plaintiff is proceeding *pro se*, however, the undersigned Magistrate Judge has considered the information related to damages provided in plaintiff's Motion for Default Judgment and the accompanying Memorandum in Support. The undersigned Magistrate Judge concludes that even if plaintiff had requested a specific amount of damages in his Complaint, the information provided by plaintiff to support any such request is wholly insufficient to award damages.

More specifically, plaintiff's Complaint makes a claim for mental anguish stemming from the 2008 charge of discrimination. But, the plaintiff fails to provide any evidence showing

---

[5] Because plaintiff's claims relating to retaliation are not properly before the Court, the undersigned Magistrate Judge will not address the damages requested for retaliation.

that he suffered any mental anguish to the extent necessary to receive damages. In a Title VII action, "damages for mental and emotional distress will not be presumed, and must be proven by competent evidence." *Turic v. Holland Hospitality*, 85 F.3d 1211, 1215 (6th Cir. 1996) (citations omitted). Plaintiff's Memorandum in Support of his Motion for Default Judgment simply requests $50,000 and then uses the same paragraph from his Complaint to explain his entitlement to damages for mental anguish. The undersigned Magistrate Judge finds that plaintiff has provided no evidence sufficient to prove entitlement to damages for mental anguish.

Furthermore, Plaintiff's Complaint seeks punitive damages because defendant willfully conspired to steal his wages and displayed hostility in front of defendant's administrative personnel. When there has been a Title VII violation, "[p]unitive damages are available when the discriminatory action was conducted 'with malice or with reckless indifference to the federally protected rights' of the plaintiff." *Golson v. Green Tree Fin. Servicing Corp.*, 26 Fed. App'x 209, 213 (4th Cir. 2002) (quoting 42 U.S.C.A. § 1981a(b)(1)). "The terms 'malice' and 'reckless indifference' refer to 'the employer's knowledge that it may be acting in violation of federal law.'" *Id.* (quoting *Kolstad v. American Dental Ass'n*, 527 U.S. 526, 535 (1999)). Plaintiff has not alleged any facts in his Complaint that show that defendant acted with malice or reckless indifference. At most, plaintiff conclusively states that defendant willfully conspired against him by covering up the wages on the wage scale, but does not support this conclusion with any factual allegations tending to show that he is entitled to punitive damages because defendant acted with malice or reckless indifference. Therefore, the undersigned Magistrate Judge finds that defendant has not shown sufficient facts to prove that he is entitled to receive punitive damages.

For the above stated reasons, the undersigned Magistrate Judge cannot recommend any

award of damages for actions flowing from the 2008 charge of discrimination.

## V. RECOMMENDATION

The undersigned Magistrate Judge recommends that the plaintiff's Motion for Default Judgment be granted in part and denied in part. The undersigned Magistrate Judge recommends an entry of default judgment as to defendant's liability for the allegations arising from the 2008 charge of discrimination. The undersigned Magistrate Judge, however, does not recommend the entry of judgment as to any of the damages requested in plaintiff's Motion for Default Judgment because plaintiff failed to make a specific monetary demand for damages in his Complaint. Additionally, the undersigned Magistrate Judge recommends that defendant should not be held liable for any actions related to the 2007 charge of discrimination or plaintiff's retaliation charge.

## V. NOTICE

**By mailing copies of this report and recommendation, the parties are notified as follows. Objections to this report and recommendation must, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, be filed within ten (10) days of service on you of this report and recommendation. A failure to file timely objections to this report and recommendation waives appellate review of the substance of the report and recommendation and waives appellate review of a judgment based on this report and recommendation.**

The Clerk is directed to send a copy of this Report and Recommendation to plaintiff, *pro se*, and defendant at the following addresses:

Mr. Maurice Cumberlander
8316 James Madison Parkway
King George, VA 22485

Mr. Christopher Zylonis
KCL Site Services LLC
9068 Carriage Ln.
King George, Virginia 22485

Mr. Philip R. Croessmann
Registered Agent
KCL Site Services
1220 N. Fillmore St.
Suite 310
Arlington, Virginia 22201

/s/
Ivan D. Davis
United States Magistrate Judge

October 21, 2009.
Alexandria, Virginia